JOSEPH H. PENNO *vs.* EMMA P. PENNO.

Barnstable. March 7, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Probate Court*, Appeal. *Separate Support.*

An appeal from a decree of the Probate Court dismissing a petition for revocation of a former decree of the same court made upon a petition for separate support under R. L. c. 153, § 33, should not be entered in the Supreme Judicial Court under R. L. c. 162, § 9, but in the Superior Court under R. L. c. 162, § 18.

MORTON, J. This is a petition to the Probate Court of Barnstable County for the revocation of a decree, entered by it on the respondent's petition ordering the plaintiff to pay her $20 a week for her separate support, on the ground that by reason of the domicil of the parties the court had no jurisdiction to enter the decree. The Probate Court dismissed the petition, and the plaintiff appealed. The appeal was entered in this court. We are of opinion that it is wrongly here, and should have been entered in the Superior Court. There is no express provision in reference to appeals of this nature, and the appellant contends that it comes within the general provision relating to appeals from the Probate Court to the Supreme Judicial Court. R. L. c. 162, § 9. The only appeal, however, that is

given from a decree of the Probate Court in cases of separate support to parties aggrieved thereby is to the Superior Court. R. L. c. 162, § 18.

The general right of appeal that is given to parties aggrieved by an order or decree of the Probate Court to the Supreme Judicial Court is subject to the qualification "except as otherwise provided." In a broad and general way we think that it fairly may be said that the decree dismissing the petition in this case relates to a matter of separate support, and that the appeal of a party aggrieved thereby comes within the exception above referred to, and is provided for by R. L. c. 162, § 18. The question now raised could have been raised by an appeal from the decree of the Probate Court on the respondent's petition for separate support, and, in that case, would have been heard and determined in the Superior Court. The fact that the plaintiff has seen fit to raise it by this form of proceeding should not we think be held to change the course of appeal.

*Appeal dismissed.*

The case was submitted on briefs.

*C. Bassett*, for the petitioner.

*C. H. Cahoon*, for the respondent.